# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

April 22, 2021

**VIA ECF**

Honorable Vera M. Scanlon, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Naula v. Basil Brick Oven Pizza Corp. et al,
                1:20-cv-03714-RPK-VMS

Dear Judge Scanlon:

      This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as Exhibit A.

      Plaintiff alleges that he was employed by Defendants at Defendants' Queens Pizzeria. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices.

      **I.**    **The Proposed Settlement is Fair and Reasonable**

      Under the Agreement, Defendants will pay $30,000.00 to settle all claims. This settlement amount will be paid in nineteen installments. The first installment is payable within 7 days after the Court approves the Agreement. Each of installments two through nineteen are due within 30 days after the date on which the immediately preceding installment became due. Each installment consists of one check, made payable to "Michael Faillace & Associates, PC", as attorneys for Plaintiff.

      Plaintiff alleged that he is entitled to back wages from Defendants in the amount of approximately $118,007.00. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $270,581.60. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

April 22, 2021
Page 2

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the number of weeks and hours allegedly worked by Plaintiff. Moreover, Defendants' alleged limited ability to pay must be taken into account. The risks emanating from Defendants' asserted diminution of income, resulting from the slowdown in the restaurant industry in New York City as a result of the ongoing COVID-19 pandemic, were taken seriously in negotiating this settlement agreement.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $10,716.66 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee and mediation fees incurred in filing of the Complaint plus one third of the remainder of the recovery in this litigation. The filing fee amounts to $400 and the mediation fees for the two mediation sessions fees total $675. Therefore, Plaintiff will receive $19,283.33.

The sum Plaintiff's counsel will receive represents a reduction in fees from the provisions of Plaintiff's retainer agreements, which provide that forty percent of Plaintiff's recovery will be retained by the firm. The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $13,377.50. A copy of the Plaintiff's retainer agreement is attached hereto as Exhibit D.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

April 22, 2021
Page 3

     Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (see, e.g,., Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 493 F. 3d 110 (2d Cir. 2007):

     i.     Michael Faillace, Esq. ("MF"), the Managing Member of Michael Faillace & Associates, P.C., has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

     ii.     Jordan Gottheim ("JG"), graduated from Fordham University School of Law in 2016. He cultivated an expertise in labor and employment law through internships in his law school's clinical educational department and LexisNexis's Lexis Practice Advisor Labor and Employment Law module, and through wage and hour associate experience at Heng Wang & Associates, P.C. and, from January 2020 to January 2021, at Michael Faillace & Associates, P.C. His work was billed at a rate of $350 per hour.

     iii.     I, Catalina Sojo ("CS"), graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. I received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, I focused my practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. My work is billed at a rate of $350 per hour.

     iv.     Jasmine Hernandez ("PL") is a paralegal at Michael Faillace & Associates, P.C.. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

April 22, 2021
Page 4

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          /s/ Catalina Sojo
                                          Catalina Sojo
                                          MICHAEL FAILLACE & ASSOCIATES, P.C.
                                          Attorneys for the Plaintiff

Enclosures

cc: Defendants' Counsel (via ECF)